UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-108-MOC

| ALBERT MARQUAVIOUS LAMAR ANDERSON, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) ORDER |
| FNU GOODSUM, et al., | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on initial review of the pro se Complaint [Doc. 1]. Also pending are the Plaintiff's Motion for Production of Documents [Doc. 4], "Motion for Existence of Insanity Determination Pursuant to 18 U.S.C. § 4242" [Doc. 5], and Motion for Court Order [Doc. 6]. The Plaintiff is proceeding in forma pauperis. [Doc. 10].

**I.    BACKGROUND**

The Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983 while he was incarcerated at the Foothills Correctional Institution.[1] He names as Defendants the Equal Employment Opportunity Commission ("EEOC"), Todd Ishee, the director of prisons, and the following Foothills CI employees: FNU Goodsum, a captain; FNU Price, a unit manager; Doug Newton, the warden; Yancy Johnson, an assistant unit manager; FNU Flanders, a sergeant; FNU Smith 1, FNU Smith 2, and FNU Jones, correctional officers; Tammy Milligan, a programmer.[2] The Plaintiff

---

[1] The Plaintiff was released from incarceration on May 24, 2023. [See Doc. 13].

[2] The Plaintiff sues Defendants Flanders, Jones, Smith 1, and Smith 2 in their individual capacities and the EEOC in its official capacity. He sues all of the other Defendants in their individual and official capacities. [See Doc. 1 at 2-3, 12-13].

appears to claim that: he made a sexual assault allegation pursuant to the Prison Rape Elimination Act ("PREA") that was inadequately investigated; he lacked the opportunity to exhaust his claims via the prison's grievance procedures; and he was retaliated against. For injury, he claims:

> I the Plaintiff's mental health contentions worsened pain and suffering but I the Plaintiff does not blame Foothills Correctional Institution for the violations protruding from I the Plaintiff's complaint and injuries inflicted Foothills did nothing to I the Plaintiff it was its employees that placed a substantial burden on I the Plaintiff who has submitted the proper paperwork to accompany his injuries.

[Doc. 1 at 5] (errors uncorrected). The Plaintiff seeks a total of $7.9 million in compensatory and punitive damages. [Doc. 1 at 5, 17].

**II.     STANDARD OF REVIEW**

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

2

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. __, 143 S.Ct. 1444 (2023).

Here, the Plaintiff names the EEOC as a Defendant. However, the EEOC is a federal agency; it is not a "person" under § 1983. Nor may the Plaintiff sue the EEOC under the federal allegory to § 1983, Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), because a Bivens claim is not actionable against the United States, federal agencies, or public officials acting in their official capacities. See FDIC v. Meyer, 510 U.S. 471, 475, 484-86 (1994); Doe v. Chao, 306 F.3d 170, 184 (4th Cir. 2002) ("a Bivens action does not lie against either agencies or officials in their official capacity.") (citing Meyer, 510 U.S. at 484-86). Accordingly, this action cannot proceed against the EEOC and the claims asserted against it are dismissed.

Plaintiff purports to sue several of the Defendants, who are state officials, in their individual and official capacities. However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Dep't of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, Plaintiff's

3

claims against the Defendants in their official capacities do not survive initial review and will be dismissed.

The Complaint is insufficient to proceed insofar as it is vague, conclusory, and refers to individuals not named as Defendants. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim); Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("[T]o make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity."). Moreover, he has failed to state any plausible § 1983 claim on which relief can be granted.

The Plaintiff appears to claim that that Defendants failed to adequately investigate his PREA grievance pursuant to prison policy. However, a policy violation does not rise to the level of a § 1983 claim absent a plausible allegation of an underlying constitutional violation. See generally Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) (unpublished) (holding that "prison officials' failure to follow internal prison policies are not actionable under § 1983 unless the alleged breach of policy rises to the level of constitutional violation"). Nor does a prisoner have any right to have a PREA complaint investigated. See generally DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 196 (1989) ("The Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty,

or property interests of which the government itself may not deprive the individual.")); see, e.g., Vinyard v. Wilson, 311 F.3d 1340, 1356 (11th Cir. 2002) (arrestee had no constitutional right to internal investigation of excessive force claim); Wise v. Wilson, 1:15-cv-1705, 2017 WL 71656 (E.D. Va. Jan 6, 2017) (no constitutional right to have a PREA complaint investigated); De'Lonta v. Clarke, 2012 WL 4458648 at *3 (W.D. Va. Sept. 11, 2012) ("Nothing in the PREA suggests that Congress intended to create a private right of action for inmates to sue prison officials for noncompliance with the Act."), *aff'd* De'Lonta v. Pruitt, 548 F. App'x 938 (4th Cir. 2013). Accordingly, the Plaintiff's claims regarding his PREA allegations and the allegedly deficient response thereto are dismissed.

The Plaintiff also alleges that the Defendants did not allow him to exhaust his administrative remedies by engaging in the prison grievance procedure. [Doc. 1 at 14-15]. However, "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). "An inmate thus cannot bring a § 1983 claim alleging denial of a specific grievance procedure." Booker v. S.C. Dep't of Corr., 855 F.3d 533, 541 (4th Cir. 2017). The Plaintiff had no right to engage in the grievance procedure and, therefore, any deficiencies therein fail to state a § 1983 claim.

The Plaintiff attempts to assert a retaliation claim. An inmate has a clearly established First Amendment right to be free from retaliation for filing lawsuits. See Booker, 855 F.3d at 540 Thompson v. Commonwealth of Va., 878 F.3d 89, 110 (4th Cir. 2017). Inmates also have a protected First Amendment right to complain to prison officials about prison conditions and improper treatment by prison employees that affect them. See Patton v. Kimble, 717 F. App'x 271, 272 (4th Cir. 2018). To state a colorable First Amendment retaliation claim, a plaintiff must allege that (1) he engaged in protected First Amendment activity, (2) the defendant took some

5

Case 1:23-cv-00108-MOC   Document 14   Filed 08/25/23   Page 5 of 8

action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct. Martin v. Duffy, 977 F.3d 294, 299 (4th Cir. 2020) (quotation marks and citation omitted). Retaliation claims brought by prisoners, however, are treated with skepticism because every act of discipline by a prison official is retaliatory in that it responds directly to prisoner misconduct. See Adams, 40 F.3d at 74. Moreover, bare or conclusory assertions of retaliation are insufficient to establish a retaliation claim. Id. at 74.

The Plaintiff claims that, after he submitted a grievance to Officer Smith 2 and Sergeant Flanders, he "began to suffer from retaliation from Officer Defendant Smith 2, Defendants Jones and Unit Manager Yancy Johnson work to deprive I the Plaintiff who fears for his life due to Defendant Yancy Johnson being a Defendant in Alexander v. Anderson 5:21-cv-168." [Doc. 1 at 14]. He further claims that "[i]t appears" he was "illegally issued … an extra 15 days of solitary confinement for retaliation on 03-02-23," [id. at 16] he received another 15 days in solitary on March 21 [id. at 17], and he was not timely released upon the 15 days' expiration [id.]. These claims are so vague, conclusory, and uncertain that the Plaintiff has failed to plausibly allege that any Defendant took adverse action against him in retaliation for engaging in protected activity. They are dismissed.

Finally, it appears that the Plaintiff is attempting to asserts supervisory liability claims against the supervisory Defendants. To establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants "acted personally" to cause the alleged violation. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). As such, the doctrine of respondeat superior does not apply in actions brought under § 1983. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). A supervisor can only be liable where (1) he knew that his subordinate "was engaged

6

Case 1:23-cv-00108-MOC    Document 14    Filed 08/25/23    Page 6 of 8

in conduct that posed a pervasive and unreasonable risk of constitutional injury;" (2) his response showed "deliberate indifference to or tacit authorization of the alleged offensive practices;" and (3) there was an "affirmative causal link" between her inaction and the constitutional injury." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotation marks omitted).

Here, the Plaintiff claims that Defendants Ishee, Newton, and Milligan "are the administrative officials in charge of hiring, institutional policy settings, staffing, overseeing day to day operations and providing a harassment-free work environment," and that "[a]ll Defendants should be held liable for supervisory indifference and implied authorization of subordinates misconduct which caused a constitutional injury inflicted on I the Plaintiff in there care in which all Defendants had either personal involvement in or direct knowledge of the violation" [Doc. 1 at 16]. These claims are too vague and conclusory to proceed. In any event, the Plaintiff has failed to state a plausible § 1983 claim and, accordingly, his supervisory claims necessarily fail. See generally Waybright v. Frederick Cnty., Md., 528 F.3d 199, 203 (4th Cir. 2008) ("supervisors and municipalities cannot be liable under § 1983 without some predicate 'constitutional injury at the hands of the individual [state] officer,' at least in suits for damages."). Accordingly, the Plaintiff's supervisory claims are dismissed.

The Plaintiff's pending Motions [Docs. 4, 5, 6] are denied as moot.[3]

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review and it is dismissed, and the Plaintiff's pending Motions are denied as moot.

The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order.

---

[3] The "Motion for Existence of Insanity Determination…" [Doc. 5] and Motion for Court Order [Doc. 6] are also frivolous and nonsensical.

7

Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without further notice.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE** pursuant to §§ 1915(e)(2)(B)(i)-(iii) and 1915A.

2. The Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without further notice.

3. The Plaintiff's Motion for Production of Documents [Doc. 4], "Motion for Existence of Insanity Determination Pursuant to 18 U.S.C. § 4242" [Doc. 5], and Motion for Court Order [Doc. 6] are **DENIED AS MOOT**.

Signed: August 24, 2023

Max O. Cogburn Jr.
United States District Judge