| | |
|---|---|
| ALBERT MARQUAVIOUS LAMAR ANDERSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FNU GOODSUM, et al., )<br>)<br>Defendants. )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court on the following Motions filed by the *pro se* Plaintiff:

1. Motion for a Speedy Trial [Doc. 17];

2. Motion for a Temporary Restraining Order [Doc. 21];

3. Motions for Appointment of Counsel [Docs. 24, 30];

4. Motion for Existence of Insanity Determination Pursuant to 18 U.S.C. § 4242 [Doc. 25];

5. Motion for Court Order [Doc. 27];

6. Motion for Judgment on the Pleadings [Doc. 28]; and

7. Motion to [Propose] Defendants [Doc. 29].

The incarcerated pro se Plaintiff filed the Complaint pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Foothills Correctional Institution.[1] [Doc. 1].

---

[1] It appears that the Plaintiff is now incarcerated at the Davie County Detention Center in Mocksville, North Carolina. The Plaintiff has failed to update his address in this case by filing a Notice of Change of Address with the Clerk of Court. [See Order of Instructions]. The Plaintiff is reminded that it is his responsibility to promptly change his address with the Court, and that the failure to do so may result in this action's dismissal for lack of prosecution.

On August 25, 2023, the Court dismissed the Complaint on initial review and granted the Plaintiff 30 days to file a superseding Amended Complaint. [Doc. 14]. He was cautioned that, "[s]hould Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without further notice." [Id. at 7-8]. The Court denied as moot Plaintiff's pending "Motion for Existence of Insanity Determination…" [Doc. 5] and Motion for Court Order [Doc. 6]. [See Doc. 14 at 7 n. 3]. Rather than amending, the Plaintiff appealed the Order on initial review to the Fourth Circuit Court of Appeals, Case No. 23-7096. That appeal has now been dismissed. Anderson v. Goodsum, 2024 WL 4403997 (4th Cir. 2024). The Court will address the pending Motions in turn.

In his Motion for Existence of Insanity Determination, the Plaintiff seeks unspecified relief under 18 U.S.C. § 4242. [Doc. 25]. The criminal statute that the Plaintiff cites is inapplicable to this civil action and, in any event, the Motion is too vague and conclusory for the Court to determine the relief that he seeks. Accordingly, the Motion is denied.

In his Motion for Speedy Trial [Doc. 17], the Plaintiff seeks summons forms and further action in this case; in his Motion for Judgment on the Pleadings [Doc. 28], the Plaintiff seeks entry of judgment as a matter of law; and in his Motion for Court Order [Doc. 27], the Plaintiff seeks discovery. These Motions are moot because no claims have yet passed initial review. [See Doc. 14 (Order on initial review); see also Doc. 7 (Order of Instructions providing *inter alia* that the Clerk shall not issue any summonses until specifically ordered by the Court, and that enforceable discovery commences upon the issuance of a scheduling order)]. Accordingly, these Motions will be denied as moot.

In the Motion to Propose Defendants [Doc. 29], it appears that the Plaintiff seeks leave to amend the Complaint after he engages in discovery. The Motion is moot insofar as the Court

2

Case 1:23-cv-00108-MOC    Document 36    Filed 02/10/25    Page 2 of 5

previously granted the Plaintiff opportunity to file a superseding Amended Complaint within 30 days in the Order on initial review, and discovery has not yet commenced. [See Doc. 14]; see also Fed. R. Civ. P. 15. The Plaintiff failed to amend the Complaint in accordance with the Court's previous Order and, instead, he has filed several Motions in which it appears that he is attempting to improperly amend in a piecemeal fashion. [See, e.g., Docs. 28, 29]. This will not be permitted. However, the Court will allow Plaintiff one final opportunity to amend his Complaint within thirty (30) days of this Order. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Plaintiff's other filings. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without further notice.

In his Motion for Temporary Restraining Order [Doc. 21], the Plaintiff seeks emergency transfer away from the Foothills CI. This Motion is moot because the Plaintiff no longer resides at the Foothills CI. See generally Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007) ("the transfer of an inmate from a unit or location where he is subject to [a] challenged policy, practice, or condition, to a different unit or location where he is no longer subject to the challenged policy, practice, or condition moots his claims for injunctive and declaratory relief.").

Finally, the Plaintiff has filed Motions for Appointment of Counsel in which he argues that: he is unable to afford counsel and he is proceeding *in forma pauperis*; his imprisonment will greatly limit his ability to litigate this case; the issues are complex and will require significant research and investigation; he has limited access to the law library and limited knowledge of the law; a trial would likely involve conflicting testimony better presented by counsel; and his repeated efforts to obtain counsel have been unsuccessful. [Docs. 24, 30].

There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). The existence of exceptional circumstances in each case "hinges on characteristics of the claim and the litigant." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984). To make this determination, a court must collectively assess "(1) whether the plaintiff asserts a claim that is not frivolous, (2) the difficulty of the claim, and (3) whether the plaintiff can present the claim considering the skill required to do so and the plaintiff's individual abilities." Jenkins v. Woodard, 109 F.4th 242, 248 (4th Cir. 2024) (citing Brock v. City of Richmond, 983 F.2d 1055, 1055 (4th Cir. 1993) (per curiam)). "The district court's failure to make these assessments is legal error." Id. at 248. Where a pro se plaintiff presents a colorable claim but "lacks the capacity to present it" in light of the objective complexity of the claim and the plaintiff's subjective abilities, the case presents "exceptional circumstances." Id. at 247 (quoting Whisenant, 739 F.2d at 162).

In this case, however, the Plaintiff has not yet even demonstrated that this case will pass initial review, much less that it has potential merit. Until that has been shown, the Court cannot assess the complexity of the claim or what skill may be required to prosecute the same. Therefore, at this stage, the Plaintiff has failed to meet any of the requirements for establishing exceptional circumstances necessitating the appointment of counsel.

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's Motion for a Speedy trial [Doc. 17] is **DENIED AS MOOT.**
2. The Plaintiff's Motion for Temporary Restraining Order [21] is **DENIED AS MOOT.**

3. The Plaintiff's Motions for Appointment of Counsel [Docs. 24, 30] are **DENIED**.

4. The Plaintiff's Motion for Existence of Insanity Determination Pursuant to 18 U.S.C. § 4242 [Doc. 25] is **DENIED**.

5. The Plaintiff's Motion for Court Order [Doc. 27] is **DENIED**.

6. The Plaintiff's Motion for Judgment on the Pleadings [Doc. 28] is **DENIED AS MOOT**.

7. The Plaintiff's Motion to [Propose] Defendants [Doc. 29] is **DENIED**.

8. **IT IS FURTHER ORDERED** that the Plaintiff shall have **thirty (30) days** in which to file a superseding Amended Complaint in accordance with the terms of this Order. If Plaintiff fails to comply, this case will be dismissed and closed without further notice.

The Clerk is respectfully instructed to mail a copy of this Order and a blank prisoner § 1983 complaint form to the Plaintiff at his address of record, and to him at: Albert Anderson, 1289734, Davie County Detention Center, 135 Green Street, Mocksville, NC 27028.

**IT IS SO ORDERED.**

Signed: February 10, 2025

Max O. Cogburn Jr
United States District Judge